# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-3144
_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Castillo

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: July 22, 2026
Filed: July 27, 2026
[Unpublished]
_____

Before ERICKSON, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

Brandon Castillo appeals the bottom-of-the-Guidelines-range sentence the district court[1] imposed after he pleaded guilty to an ammunition offense. He argues

_____

[1]The Honorable Susan M. Bazis, United States District Judge for the District of Nebraska.

that the court abused its discretion by denying a downward variance and imposed a substantively unreasonable sentence.

After careful review, we conclude that the district court neither abused its discretion by declining to vary downward nor imposed a substantively unreasonable sentence, as there is no indication that the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (explaining the deferential abuse-of-discretion standard of review); see also United States v. Dunn, 928 F.3d 688, 694 (8th Cir. 2019) (presuming within-Guidelines-range sentence to be reasonable; reiterating that a district court neither imposes a substantively unreasonable sentence nor errs in declining to vary downward when it exercises its wide latitude to allot greater weight to aggravating circumstances rather than to defendant's mitigating personal characteristics); United States v. Gonzalez, 573 F.3d 600, 607 (8th Cir. 2009) (district court need not engage in mechanical recitation of sentencing factors).

Accordingly, we affirm.

_____